## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALTER ALEXANDER**<br>836 Bonifant Street<br>Silver Spring, MD 20910 | * <br> * <br> * <br> * |
| **FRANCISCO LEIVA BARRERA**<br>836 Bonifant Street<br>Silver Spring, MD 20910 | * <br> * <br> * <br> * |
| **WILMER RENE LEIVA BARRERA**<br>836 Bonifant Street<br>Silver Spring, MD 20910 | * <br> * <br> * <br> * |
| **Plaintiffs,** | * <br> * |
| v. | *   Case No. _____ |
| **SPRING VALLEY ENTERPRISES, INC.**<br>**D/B/A DECARLO'S RESTAURANT**<br>4822 Yuma St NW,<br>Washington, DC 20016 | * <br> * <br> * <br> * <br> * |
| Serve: Richard J. Power, Esq.<br>5335 Wisconsin Ave. N.W. Suite 440<br>Washington, DC 20015 | * <br> * <br> * <br> * |
| **LUCY DECARLO**<br>5010 Dalton Rd<br>Chevy Chase, MD 20815 | * <br> * <br> * <br> * |
| **ABDI AHMAD,**<br>4822 Yuma St NW,<br>Washington, DC 20016 | * <br> * <br> * <br> * |
| **Defendants.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, Walter Alexander, Francisco Leiva Barrera, and Wilmer Rene Leiva Barrera (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants, Spring Valley Enterprises, Inc. d/b/a DeCarlo's Restaurant

("DeCarlo's"), Lucy DeCarlo, and Abdi Ahmad (hereinafter all defendants shall be collectively referred to as "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter "FLSA") and the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.* (hereinafter "DCMWA").

## PARTIES AND JURISDICTION

1.     Plaintiff Walter Alexander is over twenty-one years of age and a resident of the District of Columbia.

2.     Plaintiff Francisco Leiva Barrera is over twenty-one years of age and a resident of the District of Columbia.

3.     Plaintiff Wilmer Rene Leiva Barrera  is over twenty-one years of age and a resident of the District of Columbia.

4.     DeCarlos' is a corporation formed under the laws of the District of Columbia with its principal office in Washington, DC.

5.     Lucy DeCarlo is an individual over twenty-one years of age and, upon information a belief, a resident of Montgomery County Maryland.

6.     Abdi Ahmad is an individual over twenty-one years of age and, upon information and belief, a resident of the District of Columbia.

7.     At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

8.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

9.     At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

10.    At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11.    This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12.    At all times during Plaintiffs' employment, DeCarlos' was an Italian restaurant operating in Washington, D.C.

13.    At all times during Plaintiffs' employment, Lucy DeCarlo was a owner of DeCarlos'.

    a.  At all times during Plaintiffs' employment, Lucy DeCarlo had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

    b.  At all times during the period of Plaintiffs' employment, Lucy DeCarlo had the power to supervise the work duties of Plaintiffs to ensure their work was of sufficient quality.

    c.  At all times during the period of Plaintiffs' employment, Lucy DeCarlo had the power to set and control the work schedule of Plaintiffs.

    d.  At all times during the period of Plaintiffs' employment, Lucy DeCarlo had the power to set and determine the rates and methods of pay of Plaintiffs.

    e.  At all times during the period of Plaintiffs' employment, Lucy DeCarlo controlled, and was in charge of, DeCarlos'.

14.     At all times during Plaintiffs' employment, Abdi Ahmad was the manager of DeCarlos'.  Upon information and belief, Mr. Ahmad was also an owner of DeCarlos'.  Mr. Ahamad was generally the sole only manager at the premises of DeCarlos.  He was generally the sole person in charge of the day to day operations of DeCarlos.  Lucy DeCarlos would only occasionally visit DeCarlo's.

  a.  At all times during Plaintiffs' employment, Abdi Ahmad had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

  b.  At all times during the period of Plaintiffs' employment, Abdi Ahmad supervised the work duties of Plaintiffs to ensure their work was of sufficient quality.

  c.  At all times during the period of Plaintiffs' employment, Abdi Ahmad set and controlled the work schedule of Plaintiffs.

  d.  At all times during the period of Plaintiffs' employment, Abdi Ahmad set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

  e.  At all times during the period of Plaintiffs' employment, Abdi Ahmad controlled, and was in charge of, the day-to-day operations of DeCarlos'.

15.     Walter Alexander Reyes has worked for Defendants from September 2004 until the present.

  a.  In the previous three years, Mr. Reyes has worked as both a food runner and a food runner.  However, he has primarily worked as a food runner.

  b.  When working as a food runner, Defendants paid Mr. Reyes $2.77 per hour. When working as a busboy, Defendants paid Mr. Reyes $6.00 per hour.

c. Mr. Reyes occasionally worked more than 40 hours per week. When he did, Defendants failed to properly pay Mr. Reyes time and a half for the hours he worked over forty.

16. Francisco Leiva Barrera worked for Defendants from October 13, 2013 until August 16, 2014.

a. During this time, Mr. F. Barrera worked as a busboy. Mr. F. Barrera frequently worked more than 40 hours per workweek.

b. Defendants paid Mr. F. Barrera $6.00 per hour for the first forty hours that he worked and $9.00 dollars per hour for the hours that he worked over forty. Therefore, even assuming that Defendants were entitled to take a tip credit, Defendants failed to comply with the FLSA and the DCMWA in calculating F. Barrera's overtime pay.

17. Wilmer Rene Leiva Barrera worked for Defendants from roughly December 5, 2014 until September 2, 2014.

a. During this time, Mr. Barrera worked as a busboy. Mr. Barrera typically worked roughly 50 hours per week.

b. Defendants paid Mr. W. Barrera $6.00 per hour for the first forty hours that he worked and $9.00 dollars per hour for the hours that he worked over forty. Therefore, even assuming that Defendants were entitled to take a tip credit, Defendants failed to comply with the FLSA and the DCMWA in calculating F. Barrera's overtime pay.

18. Defendants maintained an illegal tip pooling scheme. This scheme invalidates any tip credit that Defendants would otherwise be able to claim. Each shift, Defendants pooled

all of the tips that the patrons provided.  Defendants took three percent off the top of this pool. Thereafter, Defendants paid 6% of the pool to bar tenders, 16% of the pool to the busboys, and the remainder of the pool to waiters and food runners.  Once a week, Defendants allowed Abdi Ahmad to take a percentage of this tip pool.  This is clearly prohibited by the FLSA and the DCMWA and invalidates any claim that Defendants have to claiming a tip credit.  Additionally, Defendants failed properly provide Plaintiffs with notice, as required by 29 U.S.C. 203(m).

19.     Even assuming that Defendants were entitled to a tip credit, they failed to properly pay F. Barrera and W. Barrera for all overtime owed.  As set forth above, Defendants paid F. Barrera and W. Barrera $6.00 per hour.  Assuming a minimum wage of $8.25 per hour, Defendants took a tip credit of $2.25 per hour.  Therefore, as set forth under the FLSA and the DCMWA, Defendants' tip credit could not exceed $2.25 for the hours worked over forty.  At a minimum wage of $8.25, Defendants were required to pay F. Barrera and W. Barrera and $10.13 per hour for all hours worked over forty in each week ($8.25 * 1.5 = $12.38 ($12.38 - $2.25 = $10.13)).

20.     At no time did Plaintiffs perform work that meets the definition of exempt work under the DCWHL or the FLSA.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act
(Overtime)**

21.     Plaintiffs reallege and reassert each and every paragraph above, as if it were set forth herein.

22.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

23.     Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

24.     Defendants were the "employers" of Plaintiffs under the FLSA, 29 U.S.C. § 207(a)(2).

25.     Defendants, as the employers for Plaintiffs, were obligated to compensate the Plaintiffs at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

26.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours.

27.     As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

28.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

29.     Plaintiffs reallege and reassert each and every allegation set forth herein, as if each were set forth herein.

30.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee at an hourly wage of less than the Federal Minimum Wage, currently $7.25 per hour.

31.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were the "employers" of Plaintiffs.

32.     Defendants were obligated to compensate Plaintiffs for all hours worked at an hourly rate not less than the Federal Minimum Wage. As set forth above, Defendants cannot claim a tip credit to offset the unpaid minimum wage that Defendants failed to pay.

33.     As set forth above, Defendants failed to pay Plaintiffs the federal minimum wage of $7.25 per hour.  Defendants paid Plaintiffs at a rate that fell below the Federal Minimum Wage.

34.     Defendants have failed and refused to compensate Plaintiffs properly and as required by the FLSA for numerous hours worked.

35.     Defendants failure to pay Plaintiffs wages as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Washington, D.C. Minimum Wage Act
### (Overtime)

36.     Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

8

37.     At all times relevant to this Complaint, Defendants violated the Overtime Provisions of the District of Columbia Wage and Hour Law by failing to pay Plaintiffs time and a half for all hours Plaintiffs worked over forty (40) worked in a particular workweek.

38.     Defendants were, at all times relevant to this complaint, "employers" of Plaintiffs within the meaning of the DCWHL.

39.     Plaintiffs often worked over 40 hours per week during the time Plaintiffs worked for Defendants.   Despite this, Defendants failed to properly pay Plaintiffs time and a half the hours worked over forty in any work week, as required by the DCMWA.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Washington, D.C. Minimum Wage Act
### (Minimum Wage)

40.     Plaintiffs reallege and reassert each and every allegation set forth in the paragraphs above, as if each were set forth herein.

41.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of DCWHL.

42.     During all times relevant, the D.C. Minimum Wage has been between $8.25 and $9.50 per hour.

43.     Defendants failed to pay Plaintiffs at a rate of at least $8.25 per hour for all hours Plaintiffs worked.   As set forth above, Defendants cannot claim a tip credit to offset the unpaid minimum wage that Defendants failed to pay.

44.     Defendants' failure to pay Plaintiffs the minimum wage, as required by the DCWHL, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com